RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/13/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

---

| | |
|---|---|
| JOHN L. JONES | CIVIL ACTION NO. 13-0108 |
| VERSUS | JUDGE TRIMBLE |
| MARIA SETTLE and<br>YORK SERVICES GROUP, INC. | MAGISTRATE JUDGE KIRK |

---

## MEMORANDUM RULING, ORDER AND JUDGMENT

Before the court are two motions filed by the U.S. Attorney on behalf of the United States of America. The first is a motion to substitute the United States (sometimes referred to as "Government")[1] as the proper party defendant in this case on the basis that the United States is the proper defendant to plaintiff's claims arising under the Federal Tort Claims Act ("FTCA").[2] The second is a motion to dismiss plaintiff's claims against the United States in this suit on the basis that the court lacks jurisdiction over plaintiff's claims as a result of his failure to exhaust administrative remedies prior to filing suit as required by the FTCA.[3]

Plaintiff's suit was originally filed in the Ninth Judicial District Court for the Parish of Rapides, Louisiana and removed to this court by the United States on the basis that plaintiff's claims arise under the FTCA. Plaintiff and defendant, Maria Settle, were involved in an automobile accident on May 17, 2012 in Alexandria, Louisiana. Plaintiff's complaint alleges that defendant Settles caused the accident by her own negligence and that, as a result of her

---

[1] R. 4.
[2] 28 U.S.C. §§ 2671 – 2680.
[3] R. 5.

negligence, plaintiff suffered various damages, including physical injury, emotional distress, medical expenses, loss of earnings and loss of enjoyment of life.[4]

The United States asserts that Settles was in the course and scope of her employment with the Department of the Air Force at the time of the accident in question and, for that reason, plaintiff's claims may only properly be asserted against the Government.[5] The court agrees that, pursuant to 28 U.S.C. §2679(d)(2), once the Government has certified that a federal employee was acting within the course and scope of their employment, the sole remedy available to a plaintiff asserting negligence claims against a federal employee is a suit against the United States under the FTCA.[6] Accordingly, it is hereby

**ORDERED** that the Government's motion to substitute is **GRANTED** and, therefore, the United States of America is **SUBSTITUTED** in place of all prior named defendants Maria Settle and York Risk Services Group, Inc.

The Government's second motion asserts that plaintiff failed to present his claim to the appropriate federal agency for disposition prior to filing suit as required by 28 U.S.C. §2675(a). As asserted by the Government, the FTCA's waiver of sovereign immunity is a limited waiver and a district court's jurisdiction over claims against the United States under the FTCA is similarly limited.[7] This court lacks subject matter jurisdiction over claims against the United States which have not been presented, first, to the appropriate federal agency.[8] The failure of a plaintiff to satisfy the presentment requirement of the FTCA acts a jurisdictional bar to suit and

---

[4] R. 1-2.
[5] R. 4 at p. 1. The Government is hereby reminded that all filings totaling three or more pages in length must be sequentially numbered under LR 10.1. Neither of the motions filed by the Government contain page numbers.
[6] Hui v. Casteneda, 559 U.S. 799 (2010); McLaurin v. U.S., 392 F.3d 774, 777 (5th Cir. 2004).
[7] Leleux v. U.S., 178 F.3d 750 (5th Cir. 1999); Powers v. Schultz, 821 F.2d 295 (5th Cir. 1987).
[8] Cook v. U.S. on Behalf of U.S. Dept. of Labor, 978 F.2d 164 (5th Cir. 1992); McAfee v. 5th Circuit Judges, 884 F.2d 221 (5th Cir. 1989).

the district court must dismiss the claims without prejudice as premature. Presentment of the claim to the appropriate federal agency after the institution of the suit or the passage of six (6) months with no agency response after the institution of the suit does not cure the jurisdictional defect and dismissal without prejudice is still required.[9]

Our review of the record indicates that, although plaintiff is represented by counsel of record in this case, counsel filed no response to either motion and, thus, we note that the motions are unopposed. Having before us no evidence that plaintiff has fulfilled the FTCA's presentment requirement, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that the Government's motion to dismiss is **GRANTED** in full and, accordingly, all claims against the Government by plaintiff are **DENIED** and **DISMISSED** without prejudice as premature.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 13th day of June, 2013.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[9] McNeil v. United States, 508 U.S. 106, (1993).